UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Mid-Continent Insurance Co., | ) | CASE NO. 1:12 CV 333 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Jason Coder, et al., | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon plaintiff Mid-Continent Insurance Company's

Motion for Summary Judgment (Doc. 22).  Also pending is the Motion for Summary Judgment

of Defendant Caroline Scardina (Doc. 29).  This is an insurance coverage dispute brought under

the Declaratory Judgment Act.  For the reasons that follow, plaintiff's motion for summary

judgment is GRANTED and defendant Scardina's motion is DENIED.

**FACTS**

Plaintiff, Mid-Continent Insurance Company, brings this action against defendants Jason

Coder, Martha L. Dolan, the Inn in West Andover, Ohio (the "Inn"), and Caroline Scardina,

Administrator of the Estate of Kevin Beebe.

Plaintiff and defendants Coder and Dolan entered into a commercial general liability insurance policy. The policy provides coverage for "bodily injury," but contains a "liquor liability" exclusion.

On approximately March 6, 2011, Kevin Beebe entered the Inn. Employees of the Inn "forced" Beebe to leave the Inn, notwithstanding the fact that the employees knew that Beebe was intoxicated and had no ride home. After leaving the Inn, Beebe was struck and killed by a drunk driver.

Scardina, on behalf of Beebe, filed an action in state court. In that action, Scardina asserts claims against the drunk driver, as well as claims for underinsured motorists' coverage against various insurers. Scardina also asserted a claim against the Inn, Coder, and Dolan. That claim alleges that the conduct of these defendants violated "Ohio's Dram Shop Statute." Mid-Continent, the plaintiff in this case, was not named as a defendant in the state court action. It appears that the state case is still pending, although little action has been taken on account of criminal charges pending against the drunk driver.

Thereafter, plaintiff filed this lawsuit, seeking a declaratory judgment regarding the rights and responsibilities of the parties to the insurance contract. Plaintiff asks the Court to declare that it has no duty to defend or provide indemnity for the claims at issue in the state case. In addition to the parties to the insurance contract, plaintiff named Scardina as a defendant to this lawsuit. According to plaintiff, Ohio law requires that Scardina be named in order to bind Scardina to this Court's ruling.

In response, all defendants filed counterclaims seeking declaratory judgments that the

policy, in fact, affords coverage for the acts alleged in the state court complaint.

Plaintiff moves for summary judgment.  None of the insured-defendants respond to the motion.  Rather, defendant Scardina, who is not a party to the agreement, is the only responding defendant.  Defendant Scardina also moves for summary judgment and plaintiff opposes the motion.  Although the parties do not distinguish between claims and counterclaims, the Court finds that the issues raised by the parties in the briefs apply equally to all pending claims.  Accordingly, the Court treats this motion as a request to dispose of the entire lawsuit.

**STANDARD OF REVIEW**

Rule 56(a) of the Federal Rules of Civil Procedure, as amended on December 1, 2010, provides in relevant part that:

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed .R.Civ.P. 56(a).

Rule 56(e) provides in relevant part that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may ... consider the fact undisputed for purposes of the motion ... [and] grant summary judgment if the motion and supporting materials—including the facts considered undisputed-show that the movant is entitled to it." Fed.R.Civ.P. 56(e).

Although Congress amended the summary judgment rule, the "standard for granting summary judgment remain unchanged" and the amendment "will not affect continuing development of the decisional law construing and applying" the standard.  See, Fed.R.Civ.P. 56, Committee Notes at 31.

3

Accordingly, summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).  A fact is "material only if its resolution will affect the outcome of the lawsuit."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party.  The court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party.  *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citation omitted); *see also United States v. Hodges X-Ray, Inc.,* 759 F.2d 557, 562 (6th Cir. 1985).  However, the nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury."  *Cox*, 53 F.3d at 150.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case.  *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).  Accordingly, "the mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Copeland v. Machulis*, 57 F.3d 476,

479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 52 (1986)).  Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment.  *Anderson*, 477 U.S. at 249-50 (citation omitted).

### ANALYSIS

In her motion for summary judgment, Scardina argues that the Court should decline to entertain the declaratory judgment action brought by plaintiff.  According to Scardina, the Sixth Circuit articulated a five-factor test to be used in determining whether to hear a claim brought pursuant to the Declaratory Judgment Act.  Scardina argues that the factors weigh against a federal court accepting this case.  In response, plaintiff argues that Scardina failed to raise this issue in a responsive pleading and, therefore, waived the right to raise it issue now.  In the alternative, plaintiff argues that the factors weigh in favor of allowing this Court to hear this case.

As an initial matter, the Court finds that Scardina did not waive her right to raise this issue.  It appears that plaintiff is claiming that the issue is one of either subject matter or personal jurisdiction.  Plaintiff then argues that because Scardina did not raise these issues as affirmative defenses, they are waived pursuant to Rule 12(b)(6).

The Sixth Circuit, however, has concluded that the issue is not one of subject matter jurisdiction[1], but rather, it involves the Court's "discretionary decision to entertain an action over

---

[1]     Although the Court finds that the issue of whether to exercise discretionary authority over a claim brought pursuant to the Declaratory Judgment Act involves neither subject matter nor personal jurisdiction, the Court notes that subject matter jurisdiction is not waived if not presented in a responsive pleading. *See*, Fed. R. Civ. Pro. 12(h)(3).

which it has subject matter jurisdiction...." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552

(6th Cir. 2008).  Plaintiff provides no authority for the proposition that Scardina waived the

argument.  Moreover, even if the issue could be waived, the Court finds that a waiver did not

occur in this case.  The case involved minimal discovery and few court appearances, which were

held by telephone.  No trial date is set and the parties appear to agree that the case will be

decided on motions.  Scardina raised the issue in her motion (as opposed to a reply brief) and

plaintiff had an opportunity to respond.  Other than citing to Rule 12, plaintiff offers no further

argument as to why the issue has been waived.  Accordingly, plaintiff's position is not well-

taken.

> The Declaratory Judgment Act provides:
>
> In a case of actual controversy within its jurisdiction...any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief could be sought.

28 U.S.C. § 2201 (emphasis added).

In *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546 (6th Cir. 2008), the Sixth Circuit

reiterated the five factors that district courts should analyze in determining whether to entertain a

suit for declaratory judgment:

> (1) whether the declaratory judgment action would settle the controversy;
>
> (2) whether the declaratory judgment action would serve a useful purpose in clarifying the
> legal relations in issue;
>
> (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for *res judicata*;'
>
> (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and

6

(5) whether there is an alternative remedy which is better or more effective.

*Id*. at 554 (citations omitted).

Upon review, the Court finds that, based on the unique facts of the case, it is proper to exercise jurisdiction over this declaratory judgment action.

The Court finds that the first factor weighs in favor of hearing this case.  There are two lines of Sixth Circuit authority addressing this factor.  On the one hand, some courts have held that resolving a dispute between an insurer and its insured does not "settle the controversy" because the declaratory judgment will not have an effect on the remaining parties to the state court action.  *See, Travelers Indem. Co. v. Bowling Green Professional Associates, PLC* 495 F.3d 266 (6th Cir. 2007)(finding that district court abused its discretion in accepting jurisdiction over declaratory judgment action).  On the other hand, other cases have noted that declaratory judgment actions involving insurance coverage do, in fact, "settle the controversy" between the parties.  *See, e.g., Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546 (6th Cir. 2008)(finding that district court did not abuse its discretion in determining that factors one and two weigh in favor of accepting jurisdiction over declaratory judgment action involving insurance coverage).

Upon review, the Court finds that this factor weighs in favor of accepting jurisdiction. As an initial matter, the Court finds that the holding in *Scottsdale* is instructive.  There, the Sixth Circuit held that some factual differences in the two lines of cases may actually account for the difference in reasoning.  Like the insurer in *Scottsdale*, the insurer before this Court is not a party to the state court lawsuit.  Moreover, unlike the situation in *Travelers*, the insurer named the estate as a party to this federal lawsuit.  *Cf., Travelers*, 495 F.3d at 272 (in addressing first two

7

factors, noting that it was "significant" that the estates were not named parties and, thus, would

not be bound by the federal court's determination.).  As such, the estate has had an opportunity

to be heard on the issue and will be bound by this Court's determination.  Because the insurer is

not a party to the state court case and because the estate was named in the federal case, the Court

finds that the first factor weighs in favor of accepting jurisdiction.

Having so concluded, the Court also finds that the second factor supports accepting

jurisdiction.  "Indeed, it is almost always the case that if a declaratory judgment will settle the

controversy, then it will clarify the legal relations in issue."  *See, Scottsdale*, 513 F.3d at 557.

For the reasons set forth above, the Court finds that the second factor also weighs in favor of

accepting jurisdiction.

The third factor is designed to "preclude jurisdiction for declaratory plaintiffs who file

their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff' and who

seem to have done so for the purpose of acquiring a favorable forum."  *Id*. at 558.  Plaintiff filed

this lawsuit after the "natural plaintiff" filed in state court.  The Court finds that there is no

evidence or suggestion that plaintiff engaged in procedural fencing or a race for *res judicata*.

The fourth factor involves assessing whether the "use of a declaratory action would

increase friction between our federal and state courts and improperly encroach upon state

jurisdiction."   The Court finds that, on the specific facts of this case, the fourth factor does not

weigh against accepting jurisdiction.  In this case, the insurer is not a party to the state court

lawsuit and, therefore, issues surrounding policy interpretation will not be addressed by the state

court.  Moreover, although the Court can envision many situations in which coverage

determinations will involve factual disputes related to the underlying tort, such is not the case

8

here.  Rather, as set forth below, the Court need only review the complaint in this case to assess plaintiff's duty to defend and indemnify.  Accordingly, this Court need not resolve any factual issues or issues of state law.  The Court finds this factor to be critical to its overall decision to accept jurisdiction over this case.

Turning to the fifth factor, the Court finds that it weighs somewhat in favor of declining jurisdiction over this matter.  Scardina argues that the Sixth Circuit has "consistently considered state court action for indemnification to be a better and more effective remedy than a federal court action seeking a declaratory judgment."  This is not the case.  Rather, in *Scottsdale*, the Sixth Circuit recently held that "it is not clear whether such alternative remedies are better or more effective than a federal declaratory judgment action."  *Scottsdale*, 513 F.3d at 562.  The court then noted that there is a split regarding whether "the possibility of seeking a declaratory judgment or an indemnity action in state court counsels against the district court exercising jurisdiction."  *Id*.  Nonetheless, the court then determined that a declaratory judgment action in state court may have been a better alternative.   Although the Court finds that a state court declaratory judgment action may be a "better" alternative, the Court finds that this factor does weigh strongly against accepting jurisdiction.

Having reviewed all of the factors, the Court finds that based on the facts of this case, it is appropriate to accept jurisdiction over the declaratory judgment claims brought by the parties.

The Court now turns to whether the insurance policy at issue requires plaintiff to defend and afford coverage for the alleged wrongdoing engaged in by the insureds.  The policy contains a "Liquor Liability" exclusion, which excludes the following:

> "Bodily injury" or "property damage" for which any insured may be held liable by reason of:

9

(1) Causing or contributing to the intoxication of any person;

(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

(3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

Plaintiff argues that the policy at issue clearly and unambiguously excludes liability for claims based on any "statute" relating to the "sale, gift, distribution or use of alcoholic beverages." According to plaintiff, the count in the state court complaint directed at plaintiff's insureds is expressly premised on Ohio's Dram Shop Act, which is undisputedly a statute related to alcohol. In response, defendant argues that Ohio courts distinguish between liability arising under the Dram Shop Act and ordinary "negligence" claims. For example, defendant argues that its claim is premised on negligence separate and distinct from liability arising under the Dram Shop Act.[2]

Upon review, the Court finds that plaintiff has no duty to defend or provide coverage for the count asserted against its insureds in the state court complaint. That count reads as follows:

*Fifth Claim for Relief*

16. At all times..., [defendants] owned, operated and possessed a liquor license for the bar known as "the Inn"....

17. Despite its knowledge that plaintiff's decedent was intoxicated and had no ride home, [defendant]...negligently forced plaintiff's decedent to leave the bar.

---

[2]     In other words, the liability arises based on the insured's status as a business owner, regardless of the sale of alcohol. According to defendant's argument, a negligence claim would lie against an ice-cream shop owner if an intoxicated person entered the establishment and was forced to leave under the conditions alleged in the complaint. As such, the claim arises independently of the Dram Shop Act.

18.  The conduct of [defendant] was in violation of the Ohio Dram Shop statute, R.C. 4399.18.

19. [Defendant] knew or should have known that [they] were placing plaintiff's decedent in great probability of substantial danger of harm, yet recklessly disregarded the harm to which [they were] exposing plaintiff on March 6, 2011.

In essence, defendant argues that despite the express language in paragraph 18, this is *not* a claim brought pursuant to the Dram Shop Act.  Instead, according to defendant, the claim is one for negligence separate and distinct from liability arising under the Dram Shop Act.  The Court rejects this argument.  Defendant, who was represented by counsel, alleges that the conduct at issue violates the Dram Shop statute.  Moreover, defendant expressly alleges in the state court complaint that Coder and Dolan "owned, operated and possessed a liquor license...." Such an allegation relates to claims asserted under the Dram Shop Act.  Moreover, the Court does not find that the complaint can fairly be read to assert two claims.  As an initial matter, the count is clearly labeled "fifth claim for relief."   There is no indication that defendant intended to assert two claims here.  Because the claims are mutually exclusive, the Court finds that the only fair reading of the complaint is that defendant is asserting a claim for violation of the Dram Shop statute.  Since the policy expressly excludes coverage for claims arising under the statute, plaintiff has no duty to defend[3] or indemnify its insureds.

## CONCLUSION

For the foregoing reasons, plaintiff Mid-Continent Insurance Company's Motion for

---

[3]    The Court again notes that the insured defendants did not respond to plaintiff's motion for summary judgment.  Arguably, defendant Scardina's interest in the outcome of this lawsuit relates more to coverage than plaintiff's duty to defend its insureds.

11

Summary Judgment (Doc. 22) is GRANTED and the Motion for Summary Judgment of

Defendant Caroline Scardina (Doc. 29) is DENIED.

      IT IS SO ORDERED.


                /s/ Patricia A. Gaughan
                PATRICIA A. GAUGHAN
                United States District Judge

 Dated: 4/15/13